**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| PHILLIP WOOD, | **Hon. Jerome B. Simandle** |
| Petitioner, | Civil Action No. 11-6325 (JBS) |
| v. |  |
| JOHN E. MAIN, et al., | **OPINION** |
| Respondents. |  |

**APPEARANCES:**

PHILLIP WOOD, #15067
Anne Klein Forensic Center
P.O. Box 7717
West Trenton, New Jersey  08628
    Petitioner Pro Se

**SIMANDLE**, District Judge:

Phillip Wood ("Petitioner"), who is civilly committed pursuant to N.J. STAT. ANN. § 30:4-27.15(a), filed a Petition for a Writ of Habeas Corpus, pursuant to 28 U.S.C. § 2254, challenging a conviction and aggregate four-year term of imprisonment imposed on March 5, 2007, by the Superior Court of New Jersey, Law Division, Camden County, for third-degree assault.  The principal question to be determined is whether, under 28 U.S.C. § 2254, the petitioner may challenge his 2007 conviction and sentence for which he was no longer in custody when this petition was filed.  For the reasons expressed below, this Court will summarily dismiss the Petition for lack of jurisdiction and deny a certificate of appealability.

## I.   BACKGROUND

In 1981, the Superior Court of New Jersey, Law Division, Burlington County, found Petitioner not guilty by reason of insanity ("NGI") of felony murder and aggravated arson.  See In re Commitment of Phillip A. Wood, 2007 WL 4356135 (N.J. Super., App. Div., Dec. 12, 2007).  Petitioner was involuntarily committed to a state hospital as an NGI acquittee, and received periodic review hearings, in accordance with State v. Krol, 68 N.J. 236 (1975).[1]  On March 5, 2007 (while Petitioner was committed on Krol status), the Law Division entered the judgment of conviction which Petitioner challenges in this § 2254 Petition.  See Wood v. State, Civ. No. 08-4515 (JBS) opinion at 5 (D.N.J. Feb. 20, 2009).  Based on his guilty plea to third-degree assault, the Law Division imposed a four-year term of incarceration.  Id.  Petitioner was incarcerated at New Jersey State Prison until November 5, 2009, when the four-year term expired and he was recommitted under the NGI standard under Krol. (Dkt. 1-1 at 3); see also Wood v. Main, Civ. No. 10-2075 (JHR) opinion at 6 (D.N.J. June 6, 2011); N.J. Dept. of Corrections Inmate Locator, https://www6.state.nj.us/DOC_Inmate/details?x=1192181&n=0 (Nov. 3, 2011).

---

[1] "When a person accused of a crime is acquitted by reason of insanity, the accused may be held in continued confinement if the person is a danger to self or others and is in need of medical treatment.  We describe such person as being on Krol status."  In re Commitment of W.K., 159 N.J. 1, 2 (1999) (citing Krol, 68 N.J. 236).

By order filed March 31, 2010, the New Jersey Superior Court terminated Petitioner's NGI Krol status, effective April 18, 2010, and ordered the Anne Klein Forensic Center to immediately evaluate Petitioner to determine whether or not he should be committed pursuant to the New Jersey Civil Commitment Law, N.J. STAT. ANN. § 30:4-27.1 et seq.  See Wood v. Main, Civ. No. 10-2075 (JHR) opinion at 6 (D.N.J. June 6, 2011).  A hearing was conducted, and Petitioner was civilly committed effective April 18, 2010, pursuant to N.J. STAT. ANN. § 30:4-27.15 (a), which provides that "[i]f the court finds by clear and convincing evidence that the patient needs continued involuntary commitment to treatment, it shall issue an order authorizing the involuntary commitment of the patient and the assignment or admission of the patient . . .").  Id.

Petitioner executed the § 2254 Petition presently before this Court on October 13, 2011.  The Petition challenges the judgment of conviction of March 5, 2007, which imposed the four-year term of imprisonment based on Petitioner's guilty plea to third-degree assault.  (Dkt. 1 at 1.)  Petitioner asserts that, on December 12, 2008, the Law Division denied his petition for post-conviction relief challenging this conviction, on July 13, 2010, the Appellate Division affirmed the denial of post-conviction relief, and on July 13, 2010, the New Jersey Supreme Court denied certification.  (Dkt. 1 at 2, 6.)  Petitioner

challenges the March 5, 2007, judgment of conviction on the following grounds:

> Ground [One]: NO COMPETENCY HEARING/ILLEGAL SENTENCE/INEFFECTIVE ASST. OF COUNSEL.
>
> Supporting Facts: 30 years of being hospitalized in a psychiatric facility and medication and no competency hearing[;] denial of treatment for my mental illness.
>
> Ground [Two]: SENTENCING A[N] INSANE PERSON TO SERVE A STATE PRISON SENTENCE IS ILLEGAL.
>
> Supporting Facts: Sentencing a[n] insane person to serve a state prison sentence is illegal.

(Dkt. 1 at 7, 8.)[2]

## II.  STANDARD OF REVIEW

"Habeas corpus petitions must meet heightened pleading requirements." McFarland v. Scott, 512 U.S. 849, 856 (1994). Habeas Rule 2(c) requires a § 2254 petition to "specify all the grounds for relief available to the petitioner," "state the facts supporting each ground," "state the relief requested," be printed, typewritten, or legibly handwritten, and be signed under penalty of perjury. 28 U.S.C. § 2254 Rule 2(c). The Supreme Court explained the pleading requirements under the Habeas Rules as follows:

> Habeas Rule 2(c) . . . provides that the petition must "specify all the grounds for

---

[2] The form § 2254 petition filed by Petitioner left the space for "Ground One" blank, sets forth this ground under "Ground Two," and the following ground under "Ground Three." (Dkt. 1 at 5, 7, 8.)

4

> relief available to the petitioner" and "state the facts supporting each ground." See also Advisory Committee's note on subd. (c) of Habeas Corpus Rule 2, 28 U.S.C., p. 469 ("In the past, petitions have frequently contained mere conclusions of law, unsupported by any facts. [But] it is the relationship of the facts to the claim asserted that is important . . . ."); Advisory Committee's Note on Habeas Corpus Rule 4, 28 U.S.C., p. 471 ("'[N]otice' pleading is not sufficient, for the petition is expected to state facts that point to a real possibility of constitutional error." (internal quotation marks omitted)) . . . .
>
> A prime purpose of Rule 2(c)'s demand that habeas petitioners plead with particularity is to assist the district court in determining whether the State should be ordered to "show cause why the writ should not be granted." § 2243.  Under Habeas Corpus Rule 4, if "it plainly appears from the petition . . . that the petitioner is not entitled to relief in district court," the court must summarily dismiss the petition without ordering a responsive pleading.  If the court orders the State to file an answer, that pleading must "address the allegations in the petition."  Rule 5(b).

Mayle v. Felix, 545 U.S. 644, 655 (2005).

Habeas Rule 4 requires a judge to sua sponte dismiss a § 2254 petition without ordering a responsive pleading "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." 28 U.S.C. § 2254 Rule 4.  Thus, "Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face."  McFarland, 512 U.S. at 856. Dismissal without the filing of an answer or the State court

record has been found warranted when "it appears on the face of the petition that petitioner is not entitled to relief."  Siers v. Ryan, 773 F.2d 37, 45 (3d Cir. 1985), cert. denied, 490 U.S. 1025 (1989); see also McFarland, 512 U.S. at 856; United States v. Thomas, 221 F.3d 430, 437 (3d Cir. 2000) (habeas petition may be dismissed where "none of the grounds alleged in the petition would entitle [the petitioner] to relief").

### III.  DISCUSSION

A. Jurisdiction

Section 2254(a) of Title 28 of the United States Code gives the court jurisdiction to entertain a habeas petition as follows:

> [A] district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

28 U.S.C. § 2254(a).[3]

Lack of subject matter jurisdiction may be raised by the Court sua sponte at any time.  See Bender v. Williamsport Area School Dist., 475 U.S. 534, 541 (1986); Louisville & Nashville

---

[3] Similarly, 28 U.S.C. § 2241 provides in relevant part:

> (c) The writ of habeas corpus shall not extend to a prisoner unless – . . . He is in custody in violation of the Constitution or laws or treaties of the United States.

28 U.S.C. § 2241(c)(3).

Railroad Co. v. Mottley, 211 U.S. 149, 152 (1908); Van Holt v. Liberty Mutual Fire Ins. Co., 163 F.3d 161, 166 (3d Cir. 1998).

To invoke habeas corpus review by a federal court, the petitioner must satisfy two jurisdictional requirements:  the status requirement that the person be "in custody," and the substance requirement that the petition challenge the legality of that custody on the ground that it is in violation of the Constitution or laws or treaties of the United States.  See Maleng v. Cook, 490 U.S. 488, 490 (1989); 1 James S. Liebman & Randy Hertz, Federal Habeas Corpus Practice and Procedure § 8.1 (4th ed. 2001).

The Supreme Court has "interpreted the statutory language as requiring that the habeas petitioner be 'in custody' under the conviction or sentence under attack at the time his petition is filed."  Maleng, 490 U.S. at 490-91; see also Spencer v. Kemna, 523 U.S. 1, 7 (1998) (custody requirement is satisfied where the petitioner is incarcerated at the time the petition was filed). Significantly, a petitioner does not remain "in custody" under a conviction after the sentence imposed for it has fully expired. See Maleng, 490 U.S. at 493 ("While we have very liberally construed the 'in custody' requirement for purposes of federal habeas, we have never extended it to the situation where a habeas petitioner suffers no present restraint from a conviction"); see also Lackawanna County Dist. Attorney v. Coss, 532 U.S. 394, 401 (2001); Drakes v. INS, 330 F.3d 600 (3d Cir. 2003).  "In making a

custody determination, [federal courts look] to the date that the habeas petition was filed." Leyva v. Williams, 504 F. 3d 357, 363 (3d Cir. 2007) (quoting Barry v. Bergen County Probation Dept., 128 F. 3d 152, 159 (3d Cir. 1997); see also Lee v. Stickman, 357 F. 3d 338, 342 (3d Cir. 2004) ("[W]hat matters for the 'in custody' requirement is whether Lee was in custody *at the time his habeas petition was filed*").

In this case, the affidavit filed by Wood with his Petition states that, as of November 5, 2009, Petitioner was confined at Anne Klein Forensic Center. (Dkt. 1-1 at 3.) In addition, this Court's prior opinions (and the state court records filed in those proceedings) unequivocally establish that on November 5, 2009, New Jersey released Wood from criminal incarceration on the four-year sentence imposed on March 5, 2007, and re-committed him on Krol status, and that, effective April 18, 2010, New Jersey civilly committed Wood under the civil commitment statute. Because Wood was not "in custody" as a result of the 2007 conviction at the time he filed this § 2254 Petition challenging that conviction, this Court lacks jurisdiction over Petitioner's challenge to that conviction and will dismiss the Petition for lack of jurisdiction.[4]  See Maleng, 490 U.S. at 493; Obado v. New Jersey, 328 F. 3d 716, 717 (3d Cir. 2003) ("While the 'in

---

[4] Moreover, coram nobis is not available in a federal court as a means of attack on a state criminal judgment. See Obado v. New Jersey, 328 F. 3d 716, 718 (3d Cir. 2003).

custody' requirement is liberally construed for purposes of habeas corpus, for a federal court to have jurisdiction, a petitioner must be in custody under the conviction he is attacking at the time the habeas petition is filed").

B.  Certificate of Appealability

This Court denies a certificate of appealability because Petitioner has not made "a substantial showing of the denial of a constitutional right" under 28 U.S.C. § 2253(c)(2).  See <u>Miller-El v. Cockrell</u>, 537 U.S. 322 (2003).

## IV.  CONCLUSION

Based on the foregoing, the Court dismisses the Petition for lack of jurisdiction and denies a certificate of appealability.


                                        **s/ Jerome B. Simandle**
                                        JEROME B. SIMANDLE
                                        District Judge


Dated:   **November 4**  , 2011